**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4805**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

LINCOLN NORMANDO MOQUETE,

            Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   William D. Quarles, Jr., District Judge.  (1:13-cr-00419-WDQ-2)

Submitted:  October 13, 2016          Decided:  October 17, 2016

Before NIEMEYER, DUNCAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

C. Justin Brown, BROWN & NIETO, LLC, Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Christopher J. Romano, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lincoln Normando Moquete appeals from the criminal judgment convicting him of conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and possession with intent to distribute five kilograms or more of cocaine and sentencing him to a 144-month term of imprisonment. Moquete argues that the court erred in failing to issue a jury instruction regarding witness hostility or bias toward Moquete. He also contests the quantity of drugs attributed to him at sentencing. We affirm.

First, Moquete objects to the district court's refusal to give a proposed jury instruction on witness hostility and bias. "We review for abuse of discretion the district court's denial of . . . proposed jury instructions." United States v. Sonmez, 777 F.3d 684, 688 (4th Cir. 2015). We see no abuse of discretion in this regard. A "district court d[oes] not abuse its discretion" by refusing a proposed instruction that was "clearly covered by the instructions given," United States v. Green, 599 F.3d 360, 378 (4th Cir. 2010), just because "a more specific instruction might have been desirable to" the defendant, id. (quoting United States v. Patterson, 150 F.3d 382, 388 (4th Cir. 1998)). Moquete's reasoning for the instruction seemed to be that the testifying witnesses in general were biased against him. He did not advance any

evidence related to a particular witness. The district court instructed the jury on evaluating the credibility of witnesses. There was simply no basis on which to find an abuse of discretion.

Moquete also challenges the district court's calculation of the drug weight, asserting that the court improperly credited the testimony of two coconspirators whose testimony was allegedly vague, inconsistent, and lacking credibility. In reviewing the district court's calculations under the Sentencing Guidelines, "we review the district court's legal conclusions de novo and its factual findings for clear error." United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks omitted). We will "find clear error only if, on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." Id. at 631 (internal quotation marks and alterations omitted).

The district court need only find the drug quantity attributable to the defendant by a preponderance of the evidence. United States v. Bell, 667 F.3d 431, 441 (4th Cir. 2011). The court, therefore, "must only determine that it was more likely than not that the defendant was responsible for at least the drug quantity attributed to him." United States v. Kiulin, 360 F.3d 456, 461 (4th Cir. 2004). Having reviewed the

3

record on appeal, we conclude that the district court did not clearly err in calculating the drug weight.

Accordingly, we affirm the judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED